MORAN v McNEW

Docket No. 56468. Submitted June 28, 1982, at Lansing.—Decided November 22, 1982.

Eighteen-year-old Barry D. Moran was severely injured when the car he was driving left the road and struck a tree. Paul and Martha Moran, Barry's parents, and Barry brought an action against David L. McNew and Norman Mesack, doing business as Long Lake Bar, and Mary Tepass, doing business as Whispering Pines Bar, in Iosco Circuit Court, alleging that Barry Moran purchased intoxicating beverages in the bars and became visibly intoxicated in Whispering Pines Bar. Barry Moran was not named as a defendant in the action. Defendants filed a motion for summary judgment asserting that the remedy provided by the Michigan Liquor Control Act was the exclusive remedy against a bar owner or other provider of intoxicating liquor for injuries caused by a minor or alleged intoxicated person by reason of the unlawful selling, giving, or furnishing of intoxicating liquor and that an alleged intoxicated patron is not only barred from joining the action as a plaintiff but must also be named and retained as a defendant. The court, J. Richard Ernst, J., granted summary judgment in favor of defendants McNew and Mesack and entered a judgment of no cause of action in favor of defendant Tepass. Plaintiffs appeal. *Held:*

The Michigan Liquor Control Act provisions relating to lawsuits against bar owners or other sellers of intoxicants provide an exclusive remedy against such defendants for injuries caused by a minor or alleged intoxicated person by reason of the unlawful selling, giving, or furnishing of intoxicating liquor and mandate that the minor or the alleged intoxicated person be named as a defendant in the action.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — REMEDIES.
Dramshop actions, brought under the Michigan Liquor Control

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquors § 561.
[2] 45 Am Jur 2d, Intoxicating Liquors § 596.

Act, are the exclusive remedy against bar owners or other sellers of intoxicants in this state for injuries caused by a minor who was served intoxicating liquor or an adult who was visibly intoxicated at the time he was served intoxicating liquor by reason of the unlawful selling, giving, or furnishing of intoxicating liquor; there is no common-law dramshop remedy (MCL 436.22; MSA 18.993).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — PARTIES.

The provision of the Michigan Liquor Control Act which requires that the minor or the alleged intoxicated person be named as a defendant in a dramshop action against a bar owner or other provider of intoxicants is mandatory in nature and is without exception (MCL 436.22; MSA 18.993).

*Shanahan & Scheid* (by *Clark Shanahan*), for plaintiffs.

*McGraw & Borchard, P.C.* (by *Stephan M. Gaus*), for David L. McNew and Norman Mesack, doing business as Long Lake Bar.

*Smith & Brooker, P.C.* (by *Harry P. Gill* and *Mona C. Doyle*), for Mary Tepass, doing business as Whispering Pines Bar.

Before: R. B. BURNS, P.J., and D. F. WALSH and P. J. MARUTIAK,* JJ.

PER CURIAM. On February 13, 1981, the trial court entered an order granting summary judgment in favor of defendants David L. McNew and Norman Mesack, doing business as Long Lake Bar and a judgment of no cause of action in favor of defendant Mary Tepass, doing business as Whispering Pines Bar. Plaintiffs have appealed as of right.

The Michigan Liquor Control Act provisions relating to lawsuits against bar owners or other

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sellers of intoxicants, "dramshop actions", are an exclusive remedy in this state. There is no common-law dramshop remedy. *Browder v International Fidelity Ins Co,* 413 Mich 603, 613; 321 NW2d 668 (1982).

Moreover, the provision of MCL 436.22; MSA 18.993, mandating that "the minor or the alleged intoxicated person" be named as a defendant in the action, is mandatory and apparently without exception. *Putney v Haskins,* 414 Mich 181, 189-190; 324 NW2d 729 (1982).

Affirmed.