NEWMAN v HOHOLIK

Docket No. 72320. Submitted June 8, 1984, at Lansing.—Decided October 2, 1984.

John E. Newman, a minor, through his next friend, Rosetta Newman, filed suit against James A. and Patricia A. Hoholik, doing business as The Teddy Bear, in Shiawassee Circuit Court, alleging that plaintiff's father, John B. Newman, was served intoxicating liquor at The Teddy Bear while he was visibly intoxicated and that his father was involved in an automobile accident shortly thereafter, suffering severe injury and total and permanent disability. Plaintiff sought damages for economic loss and loss of his father's companionship and society. Defendants filed a motion for summary judgment on the ground that plaintiff had failed to state a claim upon which relief could be granted because he failed to name and retain his father as the alleged intoxicated person as required by statute. Plaintiff was permitted to amend his pleadings to add his father as a party defendant to satisfy the requirement of the name and retain provision. The father was served with notice of the action against him two years and eight months after the lawsuit was filed against the Hoholiks. A default was subsequently taken as to defendant Newman. Defendants moved again for summary judgment on the ground that plaintiff's failure to name and retain the alleged intoxicated person within two years after the cause of action accrued necessitated dismissal of the lawsuit. The court, Peter J. Marutiak, J., granted defendants' motion and dismissed the action with prejudice. Plaintiff appeals. Held:

Plaintiff was not required to name and retain his father in order to maintain his action against the defendants Hoholik. A dramshop action may be maintained by an injured person without naming and retaining as a party defendant a close family member against whom he has no cause of action.

Reversed and remanded for trial.

Intoxicating Liquors — Dramshop Act — Name and Retain Requirement.

A dramshop action may be maintained by an injured person

Reference for Points in Headnote

45 Am Jur 2d, Intoxicating Liquors § 594.

without naming and retaining as a party defendant a close family member against whom he has no cause of action.

*Shanahan & Scheid* (by *Clark Shanahan),* for plaintiff.

*Kaufman, Payton & Kallas* (by *Joseph F. Lucas* and *Richard Khederian),* for defendant.

Before: GRIBBS, P.J., and BRONSON and SHEPHERD, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of summary judgment entered in favor of defendants James A. and Patricia A. Hoholik doing business as The Teddy Bear (defendants).

On June 10, 1980, Rosetta Newman filed this dramshop action against defendants on behalf of plaintiff John Everett Newman, a minor. In his complaint, plaintiff alleged that defendants unlawfully served intoxicating liquor to plaintiff's father, John B. Newman, and, as a result, plaintiff's father was involved in an automobile accident. Plaintiff sought damages for economic loss and loss of his father's companionship and society. Plaintiff's complaint did not name John B. Newman, the alleged intoxicated person, as a defendant in the lawsuit.

On January 19, 1983, defendants filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), based upon plaintiff's failure to name and retain the alleged intoxicated person as required by MCL 436.22; MSA 18.993.[1] Plaintiff's motion to

---

[1] MCL 436.22(5); MSA 18.993(5), as amended by 1980 PA 351, provides in pertinent part:

"An action against a retailer, wholesaler, or anyone covered by this act or a surety, shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

Prior to amendment in 1980, the name and retain provision read:

amend his complaint to add John B. Newman as a party defendant was granted. Following the filing of the amended complaint and service of process upon John B. Newman, Newman's default was taken.

On April 22, 1983, defendants renewed their motion for summary judgment due to plaintiff's failure to name and retain the alleged intoxicated person within two years after the cause of action accrued. The trial court ruled that the name and retain provision, as interpreted by the Supreme Court in *Putney v Haskins,* 414 Mich 181; 324 NW2d 729 (1982), *reh den* 414 Mich 1111 (1982), mandates that the alleged intoxicated person be named and retained in every dramshop action. Since plaintiff had not done so in the instant case, the court held that no .cause of action had been stated within the statutory period and dismissed the action with prejudice.

I

In *Scholten v Rhoades,* 67 Mich App 736; 242 NW2d 509 (1976), this Court addressed the issue of the applicability of the name and retain provision of the dramshop act where a father sought to recover damages he incurred when his minor son injured himself as a result of consuming beer sold to him in violation of the dramshop act. The Court classified dramshop actions into three groups:

"[Actions] (I) by a parent or child killed or injured *by a third party* as a result of intoxicants served to the third party by a defendant dramshop establishment; (II)

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

by a parent or child killed or injured *through the child's or parent's own misdoing* by reason of intoxicants served to them by a defendant dramshop establishment; (III) by an intoxicated adult or minor for injuries sustained as a result of being served intoxicants by defendant dramshop establishment." *Scholten,* pp 740-741.

The Court recognized that in Group I situations the name and retain provision operated to eliminate the practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token sum and then assists the plaintiff with the prosecution of a suit against the tavern owner. A similar potential for collusion does not exist in a Group II situation.

"A parent is legally responsible for the medical bills of his minor child and to secure a judgment for such sums against the child is meaningless. Furthermore, unlike Group I situations where plaintiff has a recognized cause of action against the third-party intoxicant, a child has no cause of action against his father or father's estate for injuries or death of the father due to the father's voluntary intoxication. Nor does a parent have a cause of action against his minor child for expenses incurred by the father on behalf of the child due to the child's voluntary intoxication. While it makes good sense to name and retain a party defendant where there is a cause of action against the defendant, it makes no sense at all to do so where recovery is impossible because no cause of action exists. Additionally, we more than faintly suspect that were we to hold that the plaintiff father must name and retain the minor child as a party defendant the effect would be to confuse a jury and thus deny to the parent a right of recovery which existed prior to the amendment. * * * In short, we find that in situations where no cause of action otherwise exists by a parent against a child who is not a third party tortfeasor, the mandatory application of the name and retain amendment is awkward, strained and absurd." *Scholten,* pp 743-744.

The holding in *Scholten* was followed by this Court in *Dickerson v Heide,* 69 Mich App 303, 308; 244 NW2d 459 (1976), and *Schutz v Murphy,* 99 Mich App 386, 389-391; 297 NW2d 676 (1980).

This Court's view of the purpose of the name and retain provision as preventing collusion between the intoxicated person and the injured plaintiff was approved by the Supreme Court in *Salas v Clements,* 399 Mich 103, 108-110; 247 NW2d 889 (1976). The Supreme Court recognized that, although the provision, literally construed, would require every dramshop plaintiff to name and retain the alleged intoxicated persons, the provision should not be applied to produce "an unreasonable, unjust result, a result which is inconsistent with the purpose of the 'name and retain' amendment". *Salas, supra,* p 109. Accordingly, the Court recognized an exception to the "name and retain" requirement where an injured party did not know the identity of the alleged intoxicated person since it would be "patently absurd" to suggest that collusion would occur under such circumstances.

Defendants concede that *Scholten v Rhoades* and *Schutz v Murphy, supra,* directly support plaintiff's contention that he was not required to name and retain his father in the instant dramshop action. However, defendants question the precedential value of *Scholten* and *Schutz* in light of *Putney v Haskins, supra.*

II

The facts of *Putney v Haskins, supra,* were as follows. Plaintiffs' decedent was killed when the motorcycle he was driving was struck from the rear by an automobile. Plaintiffs filed suit against Paul and Judith Gibson, the driver and owner of

the automobile, and against the Haskinses, the owners of the bar which had illegally sold alcohol to Paul Gibson. On the second day of trial, plaintiffs' counsel informed the court that plaintiffs had settled with the Gibsons. Although counsel for the Gibsons participated to a limited extent in the examination of witnesses, at the close of proofs, the trial court ruled that the jury should be informed that the Gibsons were no longer parties to the suit. The Haskinses' motion to dismiss the dramshop action was denied, the jury was informed that the suit against the Gibsons had been dismissed, and the jury returned a verdict in favor of the plaintiffs.

In ruling that the trial court erroneously denied the dramshop defendants' motion to dismiss, the Supreme Court stated:

"We hold that a defendant has not been 'retained in the action', within the meaning of the statute, if a settlement of any kind is reached between the plaintiff and the allegedly intoxicated defendant before 'the litigation is concluded by trial or settlement'." *Putney v Haskins, supra,* p 184.

Defendants argue that *Putney* should be read as establishing, unequivocally, that the "name and retain" requirement is to be applied without exception. For the following reasons, we decline to so broadly interpret the *Putney* decision.

The Supreme Court expressly states the issue in *Putney* as "whether the plaintiffs were properly allowed to continue their suit against the defendant 'dramshop' after settling with the allegedly intoxicated defendant". *Putney, supra,* pp 183-184. The Court refused to except from the "name and retain" requirement cases where the trial court finds both the absence of fraud and collusion and

that the settlement with the alleged intoxicated person was not a "token" settlement.

Nowhere in the *Putney* opinion does the Supreme Court expressly or impliedly suggest that the name and retain requirement admits of no exception.[2] To the contrary, the Court affirms the continuing viability of *Salas v Clements, supra,* both in terms of the specific exception recognized in *Salas* and the underlying rationale that the "name and retain" provision should not be construed to produce an "unreasonable, unjust result" in light of the purpose of the provision. *Putney, supra,* pp 186, 190.

Conspicuously absent from the *Putney* opinion is any reference to *Scholten, supra, Dickerson, supra,* or *Schutz, supra.* We find no indication in *Putney* that the Supreme Court impliedly abrogated the holdings in those opinions. Instead, the Court's seemingly deliberate use of narrow language, express affirmance of *Salas, supra,* and omission of any reference to *Scholten* or its progeny, convince us that *Scholten* is still "good law". And since, in our opinion, it is, indeed, a good and sensible law which permits an injured person to maintain a dramshop action without naming and retaining as a party defendant a close family member against whom the plaintiff has no cause of action, we hold that John E. Newman was not required to name and retain his father in order to maintain his action against the defendants Hoholik.

---

[2] Defendants also cite *Moran v McNew,* 134 Mich App 764; 351 NW2d 881 (1982), where a panel of this Court cursorily stated that the name and retain provision "is mandatory and apparently without exception". 134 Mich App 766. The opinion, itself, does not indicate that the panel considered the issues raised herein. Assuming *arguendo* that *Moran, supra,* stands for the proposition that *Putney v Haskins, supra,* abrogated the exception at issue in the instant case, our review leads us to a different conclusion.

Our disposition of this case renders it unnecessary to consider the other issues raised by plaintiff. We reverse the order of summary judgment and remand this case to the circuit court for trial.