BURKE v ANGIES, INC

Docket No. 71989. Submitted April 18, 1984, at Lansing.—Decided
June 19, 1985. Leave to appeal denied, 422 Mich 964.

Nineteen-year-old Colleen Burke was fatally injured when struck
by an automobile in a hit-and-run accident. On the evening of
the accident she had been in the company of her brother and
another friend, both minors, at a bar operated by Angies, Inc.,
where all three had been served alcoholic beverages. Colleen's
mother, Janet Burke, her father, Myles J. Burke III, and her
brothers, Jeffrey Burke and Myles J. Burke IV, brought a
dramshop action against Angies, Inc., in the Oakland Circuit
Court. Subsequent to the rejection by the parties of a mediation
award Myles Burke III died and Jeffrey Burke, as personal
representative of the estate of Myles Burke III, was substituted
as a party plaintiff. Myles J. Burke IV was voluntarily dis-
missed. At trial, judgment was entered on a jury verdict in
favor of plaintiffs, Steven N. Andrews, J. Defendant's motion

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Evidence § 206.
  Am Jur 2d, Intoxicating Liquors § 607.
  Construction and application of statutes creating presumption or
    other inference of intoxication from specified percentages of
    alcohol present in system. 16 ALR3d 748.
[2] Am Jur 2d, Evidence §§ 617, 618.
[3] Am Jur 2d, Evidence § 785 et seq.
  Admissibility of summaries of writings, recordings, or photographs
    under Rule 1006 of the Federal Rules of Evidence. 50 ALR Fed
    319.
[4] Am Jur 2d, Intoxicating Liquors § 561 et seq.
  Proof of causation of intoxication as a prerequisite to recovery
    under Civil Damage Act. 64 ALR3d 882.
[5, 6] Am Jur 2d, Attorneys at Law § 237 et seq.
  Validity, construction, and effect of contract providing for contin-
    gency to defendant's attorney. 9 ALR4th 191.
  Construction of contingency contract as regards compensation for
    services after judgment or on appeal. 13 ALR3d 673.
[7] Am Jur 2d, Arbitration and Award § 139.
  Am Jur 2d, Costs § 4 et seq.
  Liability of parties to arbitration for costs, fees, and expenses. 57
    ALR3d 633.

for a new trial was denied, and defendant appealed, alleging several errors. *Held:*

1. Admission of evidence of Colleen's blood alcohol level was not improper, and allowing the jury to be told of a presumption of intoxication at a level of .10 percent, although error because the presumption arises only in criminal prosecutions, was harmless because the mention of the presumption was not, in this case, unduly prejudicial.

2. The chain of custody of the blood samples taken from Colleen was sufficiently established to allow admission of the results of the blood test.

3. The trial court properly granted a protective order preventing defendant from discussing, in its opening statement, the possibility of the decedent's having used marijuana on the night of the accident. There was no evidence of such use.

4. Admission of photographs of the body and of the scene of the accident was not prejudicial to the defendant and was not an abuse of the trial court's discretion.

5. It is the Michigan Constitution, not the dramshop act, which makes the sale of alcoholic beverages to minors unlawful.

6. Plaintiffs were not prevented from maintaining the action by their failure to name and retain the intoxicated person, Colleen, as a party defendant, since she was a close family member, deceased, and the plaintiffs had no cause of action against her.

7. The trial court did not err in denying defendant's motions for a directed verdict and for a mistrial.

8. Attorney fees and costs were awarded pursuant to the rules governing cases in which a mediation award has been rejected. The attorney fees awarded were not excessive and the award was not an abuse of discretion. Similarly, the award of costs was not excessive. There is no requirement that costs in a case governed by the mediation rules be limited to statutory costs.

Affirmed.

1. Intoxicating Liquors — Presumption of Intoxication — Blood Alcohol Level — Harmless Error.

The presumption of intoxication which arises where a person's blood alcohol level is .10 percent is applicable only in criminal proceedings, not in civil actions; however, the mention of the assumption in a dramshop action was not error requiring reversal where the person in question was deceased when the

blood sample was taken and where the presumption was neither stressed nor included in the jury instructions.

2. EVIDENCE — PREJUDICIAL EVIDENCE — JUDGE'S DISCRETION.

A ruling to prevent the introduction of evidence on the basis that it would be more prejudicial than probative is within the discretion of the trial judge (MRE 403).

3. EVIDENCE — PHOTOGRAPHS.

The admission of photographs of a corpse and the scene of an accident was within the discretion of the trial court and no abuse of that discretion will be found where the photographs related to a point in controversy and were not so gruesome as to inflame a jury.

4. PARTIES — DRAMSHOP ACTION — NAME AND RETAIN PROVISION.

A dramshop action may be maintained by a plaintiff without naming and retaining as a party defendant a close family member against whom the plaintiff has no cause of action.

5. ATTORNEY AND CLIENT — ATTORNEY FEES — APPEAL.

An award of attorney fees will be upheld by the Court of Appeals absent an abuse of discretion by the trial court.

6. ATTORNEY AND CLIENT — ATTORNEY FEES.

Factors to be considered in determining the reasonableness of an attorney's fee include, but are not limited to: (1) the professional standing and experience of the attorney, (2) the skill, time and labor involved, (3) the amount in question and the results achieved, (4) the difficulty of the case, (5) the expenses incurred, and (6) the nature and length of the professional relationship with the client.

7. COSTS — ACTUAL COSTS — MEDIATION — COURT RULES.

There is no requirement that the actual costs allowed to be awarded where a case has gone to trial after mediation has been rejected should be limited to statutory costs (GCR 1963, 316.8).

*Lobb & Weiss, P.C.* (by *Joseph R. Lobb* and *N. Dwight Teachworth),* for plaintiffs.

*Kaufman, Payton & Kallas* (by *Constantine N. Kallas),* for defendant.

Before: D. E. Holbrook, Jr., P.J., and Cynar and T. Gillespie,* JJ.

Per Curiam. In this dramshop action, brought pursuant to MCL 436.22; MSA 18.993, defendant appeals as of right from the order denying its motion for a new trial. The action arose from the death of 19-year-old Colleen Burke. The jury had returned a verdict for $175,000 for Janet Burke (Colleen's mother), $25,000 for Jeffrey Burke (Colleen's brother), and $10,000 for the estate of Myles Burke III (Colleen's father).

Defendant is the tavern where Colleen had spent the evening on the night of her death. Defendant's policy at that time permitted 18, 19 and 20-year-olds to enter the bar. To prevent minors from being served, the hands of those over 21 would be stamped. Colleen and the two who were with her, one of her brothers and a friend, were minors and none had their hands stamped. Nonetheless, all three were served alcohol. Testimony at trial was unclear as to how obviously drunk Colleen was while at the bar and upon leaving. On the way home she was so noisy in the car that her brother stopped the car on the road and had her exit from the car. When they tried to have Colleen re-enter the car, she refused and ran away. After a while they left the area without her, being unable to locate her. While walking home Colleen was struck by a car in a hit-and-run accident, which caused her death. On appeal defendant raises many allegations of error in the admission of evidence, in the awarding of attorney fees and costs, and in not granting its motion for a mistrial.

Defendant alleges that error occurred in permitting the jury to be told that a blood alcohol level of

* Circuit judge, sitting on the Court of Appeals by assignment.

.10% gives rise to a presumption of intoxication as that level is not applicable to civil actions. MCL 257.625a(1); MSA 9.2325(1) provides in pertinent part that:

"The amount of alcohol * * * in the driver's blood * * * shall be admissible into evidence in a *criminal* prosecution * * *." (Emphasis supplied.)

While we agree that such standard is not applicable and that error occurred, we find this to be harmless error. GCR 1963, 529.1. In any event, as Colleen was already deceased at the time her blood sample was taken, her blood alcohol content was admissible. *Hubenschmidt v Schears,* 403 Mich 486; 270 NW2d 2 (1978). We do not find the mention of the .10% presumption to have unduly prejudiced defendant. In the instant case the .10% level was only mentioned twice; in the plaintiff's opening argument and in deposition testimony by an expert witness. This was not the situation in *Groth v DeGrandchamp,* 71 Mich App 439; 248 NW2d 576 (1976), *lv den* 400 Mich 808 (1977), where this presumption was to be included in the jury instructions. Therefore, we find that the admission of the blood alcohol level was harmless error in this case. GCR 1963, 529.1.

Defendant contends that error occurred in the admission of Colleen's blood test results because there was no testimony as to who transported the tube of blood from the autopsy room to the laboratory. However, our review of the record reveals that the blood was hand-carried by one of three people and that the standard procedure was to have the blood hand-carried one flight of stairs. Defendant has not alleged that the blood was not Colleen's or that the sample was in any way tampered with or even that an opportunity to

tamper with the sample occurred. We believe the factors enumerated in *Gard v Michigan Produce Haulers,* 20 Mich App 402, 407; 174 NW2d 73 (1969), *lv den* 383 Mich 777 (1970), were followed. We will not add a requirement that we must know exactly which of the three men carried the sample. What is crucial is that the methods were reliable, that we know who conducted the test, that the blood was timely taken from the particular individual and labeled, that the instruments were sterile and that the method and procedure used in transporting is known. We do not find this to amount to a break in the chain of custody, as the blood was in the custody of one of the three men.

Defendant contends that it was error for the trial judge to have granted plaintiffs a protective order which prevented defendant from discussing, in defendant's opening statement, the possibility of Colleen's having used marijuana on the night of her death. Defendant admitted that discovery had revealed no evidence of consumption of marijuana on that night, but it sought to produce evidence of decedent's prior consumption of marijuana to establish a probable cause for her condition on the night in question. The trial court ruled that such evidence would be more prejudicial than probative under MRE 403 and granted the protective order. Such an evidentiary ruling is within the discretion of the trial judge. *Kovacs v Chesapeake & Ohio R Co,* 134 Mich App 514, 537; 351 NW2d 581 (1984). We find the case at bar to be distinguishable from *Anderson v Harry's Army Surplus, Inc,* 117 Mich App 601; 324 NW2d 96 (1982), as in *Anderson* there was evidence of drug use on the night of the incident.

Defendant also alleges that it was error to admit photographs of the deceased's corpse and the scene of the accident. Defendant claims that the location

and manner of Colleen's death were not in issue, however our review of the record reveals that defendant did contest the location of the body, and it was necessary for the plaintiffs to prove that Colleen's intoxicated condition contributed to the accident. The trial court specifically found that the photographs were not so gruesome as to inflame a jury. Nor do we find the fact that the photographs of the accident scene were taken in the daylight rather than at night to have caused any possible prejudice to defendant.

"As with all evidence, the admission of photographs on the grounds that they are more probative than prejudicial is within the discretion of the trial court. MRE 403; *City of Grand Rapids v Assfy,* 44 Mich App 473, 476; 205 NW2d 502 (1973). It is clear from the record in this case that the trial court exercised its discretion in ruling the photographs admissible. We find no abuse in the exercise of that discretion since the photographs were calmly described by the plaintiff who does not appear to have created a dramatic scene in the courtroom upon viewing the photographs. Nor can we say that the photographs were completely irrelevant to any material issue of fact, such as damages suffered by plaintiff. We find no error. See *Amedeo v Grand Rapids & Indiana R Co,* 215 Mich 37, 55; 183 NW 929 (1921); *Carreras v Honeggers & Co, Inc,* 68 Mich App 716, 724-725; 244 NW2d 10 (1976)." *Kovacs, supra,* pp 537-538.

Defendant next assigns error in the trial court's allowing plaintiffs to state that defendant violated the Michigan Constitution by serving alcohol to a minor, when the suit was under the dramshop act. We find no error. The constitution provides the basis for the dramshop act, which is a remedy. It is the constitution that renders the sales to minors unlawful. See Const 1963, art 4, § 40.

The next complaint defendant presents is that it was entitled to summary judgment as the intoxi-

cated person was not named and retained as required by the statute. In the instant case the intoxicated person was deceased, and the plaintiffs are close family members. In *Newman v Hoholik,* 138 Mich App 66; 359 NW2d 253 (1984), this Court discussed the holding of *Putney v Haskins,* 414 Mich 181; 324 NW2d 729 (1982), *reh den* 414 Mich 1111 (1982), and said:

"Nowhere in the *Putney* opinion does the Supreme Court expressly or impliedly suggest that the name and retain requirement admits of no exception. To the contrary, the Court affirms the continuing viability of *Salas v Clements,* [399 Mich 103; 247 NW2d 889 (1976)] *supra,* both in terms of the specific exception recognized in *Salas* and the underlying rationale that the 'name and retain' provision should not be construed to produce an 'unreasonable, unjust result' in light of the purpose of the provision. *Putney, supra,* pp 186, 190.

"Conspicuously absent from the *Putney* opinion is any reference to *Scholten [v Rhodes,* 67 Mich App 736; 242 NW2d 509 (1976)], *supra, Dickerson [v Heide,* 69 Mich App 303; 244 NW2d 459 (1976)], *supra,* or *Schutz [v Murphy,* 99 Mich App 386; 297 NW2d 676 (1980)], *supra.* We find no indication in *Putney* that the Supreme Court impliedly abrogated the holdings in those opinions. Instead, the Court's seemingly deliberate use of narrow language, express affirmance of *Salas, supra,* and omission of any reference to *Scholten* or its progeny, convince us that *Scholten* is still 'good law'. And since, in our opinion, it is, indeed, a good and sensible law which permits an injured person to maintain a dramshop action without naming and retaining as a party defendant a close family member against whom the plaintiff has no cause of action, we hold that John E. Newman was not required to name and retain his father in order to maintain his action against the defendants Hoholik." *Newman, supra,* p 72. (Footnote omitted.)

Defendant cites *Moran v McNew,* 134 Mich App

764, 766; 351 NW2d 881 (1982), as support for the idea that no exceptions are allowed in the name and retain provision. We do not agree with that brief summary judgment. We adopt *Newman, supra.*

Defendant next alleges that the trial court erred in its refusal to grant it a directed verdict. We do not agree. We believe the evidence presented a question upon which reasonable minds could differ and was properly given to the jury to decide. *Rushing v Wayne County,* 138 Mich App 121; 358 NW2d 904 (1984).

Additionally we find no error in the trial court's denial of defendant's motion for a mistrial after certain statements were made by plaintiff's counsel during voir dire. We agree that it was improper to refer to other businesses that defendant may own, however, we do not find this to be reversible error. In the instant case, as in *Hill v Husky Briquetting, Inc,* 78 Mich App 452, 458; 260 NW2d 131 (1977), *lv den* 402 Mich 893 (1978), an objection was made but curative instructions were not requested. The trial court in *Hill* said that liability was justified by the proofs and that the amount was not excessive, and the Court of Appeals held that the improper argument was not a basis for reversal. *Id.,* p 459. We find this reasoning to be applicable here and find that any error was harmless. GCR 1963, 529.1.

Defendant objects to the award of attorney fees and costs, asserting that they were imposed as a result of a mediation award and that since that time the parties have changed. Our review of the record reveals that the change of parties was to replace Colleen's father with the personal representative of his estate due to his death, and that plaintiffs voluntarily dismissed Colleen's brother who purchased her drinks on the night of her

death. This brother was a party to the mediation but not at trial.

We find that these changes were to defendant's benefit. Colleen's father's damages ceased as of the date of his death and there was one less plaintiff due to the brother's dismissal from the suit. Defendant's argument is one of form over substance and we find no error. The monies were awarded as provided under GCR 1963, 316.7.

Defendant also objects to the amount awarded for attorney fees and costs pursuant to GCR 1963, 316.7, which was $17,750 for fees and $1,587.65 in costs. GCR 1963, 316.8 provides that:

".8 Actual Costs. Actual costs include those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the panel's evaluation."

Defendant is correct in its assertion that it should not be held liable for plaintiffs' attorney's unduly wasteful or grossly inefficient use of time. *Maple Hill Apartment Co v Stine,* 131 Mich App 371, 376; 346 NW2d 555 (1984). In the instant case, the trial judge imposed fees representing the full number of hours itemized by plaintiffs, although the hourly fee was reduced from $150 to $100 per hour. An award of attorney fees will be upheld by this Court absent an abuse of discretion. *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 32; 335 NW2d 710 (1983). The test for determining reasonableness of attorney fees has been stated in *Wood v Detroit Automobile Inter-Ins Exchange,* 413 Mich 573, 588; 321 NW2d 653 (1982):

"We adopt the guidelines for determining 'reasonableness' set forth in *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973).

"The *Crawley* panel noted that there is no precise formula for computing the reasonableness of an attorney's fee, but said that factors to be considered are:

" '(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275, and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics.' "

\* \* \*

"While a trial court should consider the guidelines of *Crawley,* it is not limited to those factors in making its determination. Further, the trial court need not detail its findings as to each specific factor considered. The award will be upheld unless it appears upon appellate review that the trial court's finding on the 'reasonableness' issue was an abuse of discretion."

On review, we do not find that the fees were excessive as the fees are approximately 10 percent of the award, the case is complex, detailed and difficult thereby requiring large amounts of time and the fees were reduced to the average price in that geographical area. We do not find this case to rise to the level of *Petterman, supra,* where the fees were 75 percent of the amount of the award, nor has defendant alleged that any unnecessary delays were caused by plaintiffs as occurred in *Maple Hill, supra.* Additionally, defendant did not request an evidentiary hearing on the fees at trial. Accordingly, we find no error.

Neither do we find fault with the award of costs. See *Issa v Garlinghouse,* 133 Mich App 579; 349 NW2d 527 (1984), and *Maple Hill, supra.* There is no requirement that actual costs allowed by GCR 1963, 316.8 be limited to statutory costs. We will not impose such a requirement.

Accordingly, the trial court's decision is affirmed.

Affirmed. Costs to appellees.