*538 CORRIGAN, J.
I concur with the reasoning and result of the lead opinion, with one exception. I disagree with the conclusion that two factors should be eliminated from consideration when determining a reasonable attorney fee for case evaluation sanctions; namely, the “results obtained” and whether the fee is fixed or contingent. See ante at 534 n 20. Both Wood v Detroit Automobile Inter-Ins Exch, 413 Mich 573; 321 NW2d 653 (1982), and MRPC 1.5(a) specifically list these two factors as considerations when assessing reasonable attorney fees without limitation. No principled basis exists for excluding these factors from consideration in the case evaluation context, nor is there any textual support for such exclusion in either Wood or MRPC 1.5(a). Therefore, both factors should be considered, along with all the other factors listed in Wood and the MRPC, when assessing reasonable attorney fees for case evaluation sanctions. Consideration of these factors does not, however, affect the trial court’s ultimate authority to determine which factors, if any, justify an adjustment to the base calculation of reasonable attorney fees obtained by multiplying the reasonable hourly rate by the reasonable number of hours expended.
Wood lists the factors a court should consider when awarding reasonable attorney fees:
(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.[1]
Similarly, MRPC 1.5(a) lists the factors to be considered in determining the reasonableness of an attorney fee:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
*539 (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.[2]
The lead opinion correctly concludes that trial courts should consider each of these factors when determining whether to adjust the base reasonable attorney fee calculation. Nevertheless, it then contradictorily concludes that when awarding reasonable attorney fees for case evaluation sanctions under MCR 2.403(0), a court is barred from considering factor #3 in Wood (#4 in the MRPC), concerning the “results obtained,” and factor #8 in the MRPC, “whether the fee is fixed or contingent.” MCR 2.403(O)(6)(b) requires that a trial court award “a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation.” The plain language of the rule merely requires that the court award a “reasonable attorney fee”; it does not suggest that “reasonable attorney fee” means something different for case evaluation sanctions than for any other situation. Therefore, no justification exists for the lead opinion’s attempt to deviate from the reasonable attorney fee calculation when case evalua *540 tion sanctions are involved. This carve-out exception appears to arise from its assessment of what is fair rather than from the plain language of the court rule.
Contrary to the assertion in the lead opinion, consideration of whether a fee is fixed or contingent may be helpful in determining a reasonable attorney fee award for case evaluation sanctions. If a court establishes that an attorney was working under a contingency fee agreement, knowledge of the percentage of the fee may prove to be a useful tool. Contingency fee percentages express an attorney’s expectations of the case and the risks involved. While the actual percentage of a contingency fee need not be used in determining a reasonable fee award, this potentially useful information certainly should not be eliminated outright from consideration as a factor in a reasonableness analysis.
Likewise, the results obtained can also be a relevant consideration when determining reasonable attorney fees in a case evaluation situation. Although case authority specifically addressing the “results obtained” factor primarily involves situations where an adverse party is ordered to pay the other party’s attorney fees outside the case evaluation context, in “reasonable attorney fee” cases, courts consistently acknowledge the relevance of the results obtained.[3] The majority provides no authority for its conclusion that the results obtained should be excluded from consideration when calculating reasonable attorney fees for case evaluation sanctions.
*541 Within the milieu of fee shifting authority, apart from the limited category of case evaluation sanctions, civil rights cases most frequently articulate how a court should evaluate the reasonableness of an attorney fee award. In these cases, the prevailing party is entitled to collect fees from the adverse party. City of Riverside v Rivera, 477 US 561, 574; 106 S Ct 2686; 91 L Ed 2d 466 (1986), states in a plurality opinion that the results obtained is “one of [the] many factors that a court should consider in calculating an award of attorney’s fees.” In another civil rights case, Hensley v Eckerhart, 461 US 424, 440; 103 S Ct 1933; 76 L Ed 2d 40 (1983), the United States Supreme Court calls the “results obtained” factor “crucial” in the analysis of reasonable attorney fees. Hensley further specifies that its decision applies in cases not involving civil rights. Id. at 433 n 7.
The Court of Appeals also has expressed concern about the proportionality of the attorney fees awarded to damages awards. See Petterman v Haverhill Farms, Inc, 125 Mich App 30, 32; 335 NW2d 710 (1983); Burke v Angies, Inc, 143 Mich App 683, 692-693; 373 NW2d 187 (1985). In Petterman, the Court of Appeals noted that the $9,304 attorney fee that was charged for a claim evaluated at $12,500 raised serious questions regarding the reasonableness of the attorney fee award. In Burke, the Court of Appeals again considered this aspect, but held that the $17,750 attorney fee was not excessive in light of the $175,000 damages award, i.e., approximately 10 percent of the amount of the damages award, and did not rise to the level of Petterman, where the attorney fees were 75 percent of the amount of the damages award.
The lead opinion seems to argue that case evaluation sanctions are singularly distinguishable from all other *542 fee shifting cases. I disagree. An award for attorney fees in a case evaluation sanction context is not so unlike an award for attorney fees in a civil rights case as to render the consideration of the proportionality “crucial” in one context and not a factor at all in the other. Both types of cases involve fee shifting. The majority describes the purpose of case evaluation sanctions as punishment of the party who did not accept the case evaluation and encouragement of parties to take the process seriously.[4] But any situation where one party is ordered to pay the other’s attorney fees is inherently punitive. Civil rights cases allow the prevailing party to collect from the “losing” party, at least in part, to punish the losing party for necessitating the suit in the first place and to discourage both civil rights infringements and frivolous suits and defenses. Case evaluation situations are not so different from other attorney fee shifting cases to eliminate a factor from consideration that has otherwise consistently been included in the analysis.
I do not contend that fee awards must always be proportional to the results obtained. I simply suggest that considering the results obtained, while not requiring a proportionality rule, is reasonable and prudent. Moreover, it is consistent with federal precedent, including that which the majority cites.[5]
The lead opinion suggests that when a party rejects a case evaluation that it “should” have accepted, the adverse party necessitated the accumulation of additional fees, perhaps fees above and beyond the true value of a case. Therefore, the lead opinion asserts that the rejecting party should be responsible for fees even if *543 they are, as in this case, completely disproportionate to the damages award. It is true that some cases will involve parties who correctly valued their claims, accepted case evaluation, and were then forced to incur more fees than they could expect to receive in damages because the other party rejected the case evaluation. It is also conceivable, however, that some attorneys will, after accepting a case evaluation that the other side has rejected, proceed in a way that escalates the fees beyond any damages that could reasonably be expected in the case. To avoid such potential abuse, a trial court must consider whether fees may be disproportionate to a damages award as a part of the overall analysis.
I see no principled reason for altering the factors that should be considered when assessing reasonable attorney fees for case evaluation sanctions. Therefore, I respectfully disagree with the lead opinion. Both the “results obtained” and “whether a fee is fixed or contingent” are appropriate factors to consider in assessing the reasonableness of attorney fee awards as case evaluation sanctions, along with all the other factors listed in Wood and the MRPC.
Markman, J., concurred with CORRIGAN, J.

 Wood, supra at 588 (citation and quotation omitted).

 MRPC 1.5(a).

 See, e.g., City of Riverside v Rivera, 477 US 561, 574; 106 S Ct 2686; 91 L Ed 2d 466 (1986); Hensley v Eckerhart, 461 US 424, 433; 103 S Ct 1933; 76 L Ed 2d 40 (1983); Farrar v Hobby, 506 US 103, 115; 113 S Ct 566; 121 L Ed 2d 494 (1992); Davis v Southeastern Pennsylvania Transportation Auth, 924 F2d 51 (CA 3, 1991); Kreimes v Dep’t of Treasury, 764 F2d 1186 (CA 6, 1985).

 See ante at 527-528.

 See, e.g., Riverside, supra; Hensley, supra; Davis, supra (considering results obtained as a factor but rejecting per se proportionality rule); and Kreimes, supra (holding that proportionality should not be the sole deciding factor).