BELCHER v THE OFFICE, INC

Docket No. 73494. Submitted November 8, 1984, at Grand Rapids.—
Decided December 4, 1984.

John Belcher was injured when struck by an automobile driven
by Arthur J. Primeau on October 12, 1979. On November 9,
1981, Constance Belcher, wife of John Belcher, brought in
Grand Traverse Circuit Court a dramshop action against The
Office, Inc., and Robert B. Rasmussen, and Constance and John
Belcher brought a negligence action against Primeau. The
complaint with respect to the dramshop action alleged that
John Belcher, while intoxicated, had been served intoxicating
beverages by Rasmussen at The Office, Inc., that the serving of
the intoxicating liquors caused or contributed to John Belcher's
accident, and that such serving of intoxicating liquors was a
proximate cause of the injuries to property, person and means
of support claimed by Constance Belcher. The Belchers settled
with Primeau. The dramshop defendants moved for summary
judgment on the basis that plaintiff Constance Belcher had
failed to state a cause of action on which relief could be
granted because she had failed to name and retain the intoxi-
cated person, John Belcher, as a party defendant as required by
the dramshop act. Relying on *Putney v Haskins,* 414 Mich 181
(1982), the trial court, Charles M. Forster, J., granted the
dramshop defendants' motion for summary judgment. Plaintiff
Constance Belcher appealed. *Held:*

Prior to the decisional date in *Putney,* September 28, 1982, a
wife of an intoxicated person could maintain a dramshop action
without naming or retaining the intoxicated person as a party
defendant. The *Putney* decision, which requires that the intoxi-
cated person be named as a defendant and be retained as a
defendant until the litigation is concluded, has been held by the

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors § 566 *et seq.*

61A Am Jur 2d, Pleading §§ 69, 71, 230 *et seq.*

73 Am Jur 2d, Statutes § 325.

What constitutes injury to means of support within civil damage or
dramshop act. 4 ALR3d 1332.

What constitutes "injury in person or property" within civil dam-
age or dramshop act. 6 ALR2d 798.

Supreme Court to be prospective only from the decisional date of *Putney.* Accordingly, since this dramshop action was commenced prior to the decisional date in *Putney,* Constance Belcher was not required to name and retain the intoxicated person, John Belcher, as a party defendant in her dramshop action.

Reversed.

INTOXICATING LIQUORS — DRAMSHOP ACT — NAME AND RETAIN.

A wife or parent of an intoxicated injured person, prior to September 28, 1982, could maintain an action against a dramshop without naming and retaining the intoxicated person as a party defendant; the September 28, 1982, decision of the Supreme Court holding that the dramshop statute requires that, under such circumstances, the intoxicated person be named and retained is to be given prospective effect from that decisional date; accordingly, where there is no collusion between the plaintiff and the intoxicated person, summary judgment in favor of the dramshop on the basis of a·wife's failure to name and retain her intoxicated husband as a party defendant in the wife's dramshop action should not be granted where the dramshop action was commenced prior to September 28, 1982 (MCL 436.22; MSA 18.993).

*Running, Wise & Wilson* (by *T. J. Phillips, Jr.),* for plaintiffs.

*Law Office of James I. Sullivan* (by *Mark L. Hetherington),* for defendants.

Before: R. B. BURNS, P.J., and ALLEN and T. L. BROWN,* JJ.

PER CURIAM. In this dramshop action plaintiff Constance Belcher appeals a July 30, 1983, order granting summary judgment in favor of defendants The Office, Inc. and Robert B. Rasmussen, pursuant to GCR 1963, 117.2(1) on grounds that the intoxicated person, John Belcher, was not named and retained as a party defendant.

Plaintiff's complaint alleged that: John Belcher

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was a pedestrian walking along Parsons Road in Grand Traverse County when he was struck by a car owned and driven by Arthur Joseph Primeau; John Belcher had been served intoxicating beverages by The Office, Inc. and Robert B. Rasmussen; the serving of the intoxicants was a proximate cause of John Belcher's injuries; and Constance Belcher, John's wife, claimed for injuries to person, property and means of support pursuant to MCL 436.22; MSA 18.993. Subsequently the negligence action against Primeau was settled and dismissed with prejudice by stipulation of the parties. On March 21, 1983, the dramshop defendants moved for summary judgment, arguing that plaintiff had failed to state a claim upon which relief could be granted because she could not comply with subsection (5) of the statute, which requires that the intoxicated person be retained as a party defendant until the litigation is concluded. Relying on *Putney v Haskins,* 414 Mich 181; 324 NW2d 729 (1982), the trial court agreed and granted defendants' motion.

The trial court's ruling was made some six months before the Supreme Court's decision in *Tebo v Havlik,* 418 Mich 350; 343 NW2d 181 (1984). In *Tebo* the Supreme Court was called upon to determine whether *Putney* was to be given retroactive application.[1] Explaining that it would be unfair to apply *Putney* retroactively, the Court concluded:

"In contrast to the harsh effect which the full retroactivity of *Putney* would have on injured plaintiffs, prospective application will have little effect on dramshop defendants in those pending cases where settlement agreements have been made, even though the defense

[1] *Putney* was decided September 28, 1982. *Tebo* was decided February 6, 1984.

of *Putney* will be unavailable. For them, the law will simply remain as it was from 1976 to 1982. We hold that *Putney v Haskins* is applicable to all cases where settlement agreements are entered into with the allegedly intoxicated person after the date of decision in *Putney."* 418 Mich 364.

Suit in the instant case was begun November 9, 1981. At that time the law was clear that, where a trial court had determined that no collusion existed between the plaintiff and the intoxicated person or the person settling, a wife or parent of an intoxicated injured person might maintain an action against a dramshop without naming or retaining the intoxicated person as a party defendant. *Schutz v Murphy,* 99 Mich App 386; 297 NW2d 676 (1980); *Scholten v Rhoades,* 67 Mich App 736, 743-744; 242 NW2d 509 (1976); *Buxton v Alexander,* 69 Mich App 507; 245 NW2d 111 (1976), *lv den* 399 Mich 827 (1977). Based on *Tebo,* we must reverse the trial court in the instant case. In deference to the trial court, we note that the trial court was without benefit of the *Tebo* decision.

Reversed. Costs to plaintiff.