DAVIS v PTAK

Docket No. 116883. Submitted June 12, 1990, at Lansing. Decided October 15, 1990. Leave to appeal applied for.

Kevin M. Davis, a minor, purchased some beer from Andrew and Patricia Ptak, doing business as the Depot Party Store. Kevin Davis and some friends consumed the beer while riding around in an automobile operated by Donald L. Smith. An automobile accident occurred. Kevin Davis died from "marked congestion and edema of the lungs from possibly [sic] cardiac fibrillation due to excessive alcohol intake or terminal congestive heart failure based on alcohol intake." Thomas F. and Faith Davis, parents of Kevin, brought a dramshop action against the Ptaks in Lapeer Circuit Court. Defendants moved for summary disposition on the basis that plaintiffs had failed to name and retain Donald Smith and the estate of Kevin Davis as defendants. Plaintiffs responded that they had not alleged that Smith was intoxicated and thus need not name and retain him as a defendant and that they had no duty to name and retain the estate of their deceased son in order to maintain the dramshop action. The trial court, Martin E. Clements, J., granted defendants' motion for summary disposition. Plaintiffs appealed.

The Court of Appeals *held:*

1. The statutory bar prohibiting a person from maintaining a dramshop action for loss of financial support, services, gifts or companionship of an intoxicated person is not applicable with respect to a dramshop action based on an illegal sale of intoxicants to a minor.

2. Parents of a deceased minor who died as a result of the illegal sale of intoxicants to the minor need not name and retain the estate of the minor as a defendant in order to maintain a dramshop action against the dramshop owner. The 1986 amendment of the dramshop act did not eliminate this exception to the name and retain provision.

Reversed and remanded.

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 578, 594, 599.
See the Index to Annotations under Children; Dramshop Acts.

1. Intoxicating Liquors — Dramshop Act — Minors.

   The dramshop act, as amended in 1986, permits the parents of a minor to whom intoxicating liquors were illegally sold to maintain an action against the dramshop owner who made the illegal sale for damages suffered as a result of the death of the minor arising out of the illegal sale.

2. Intoxicating Liquors — Dramshop Act — Minors — Parties — Name and Retain Provision.

   The dramshop act, as amended in 1986, does not require the parents of a minor who allegedly died as a result of the illegal sale of intoxicating liquors to the minor to name and retain the estate of the deceased minor as a party defendant in order to maintain an action against the dramshop owner.

*Merrill & Tatham* (by *Charles H. Tatham*), for plaintiffs.

*Plunkett & Cooney, P.C.* (by *Deanna E. Hazen*), for defendants.

Before: Wahls, P.J., and Gillis and Jansen, JJ.

Per Curiam. Plaintiffs appeal as of right from the circuit court's order granting defendants' motion for summary disposition. We reverse.

Plaintiffs filed suit on November 29, 1988, alleging that Kevin Marshall Davis, their fifteen-year-old son, purchased beer from defendants. Donald Lee Smith drove the vehicle in which Kevin was a passenger. Smith was involved in an automobile accident. Kevin was killed. Kevin died from "marked congestion and edema of the lungs from possibly [sic] cardiac fibrillation due to excessive alcohol intake or terminal congestive heart failure based on alcohol intake."

Defendants filed a motion for summary disposition, claiming that plaintiffs had failed to comply with MCL 436.22(6); MSA 18.993(6) by naming Donald Lee Smith and the estate of Kevin Marshall Davis as defendants.

Plaintiffs responded that they had not alleged that Smith was intoxicated, but merely claimed that he was the driver of the automobile. Plaintiffs argued that they did not need to name their son's estate as a defendant because they would have to sue plaintiff Thomas F. Davis, who was the personal representative of his son's estate. Plaintiffs relied on *Newman v Hoholik,* 138 Mich App 66; 359 NW2d 253 (1984). In *Newman,* a minor's next friend sued liquor licensees for loss of his father's support, companionship and society. The minor's father was injured in an automobile accident after he was allegedly served when he was visibly intoxicated. The minor did not name his father as a defendant. The minor subsequently added his father as a defendant and a default was taken. The licensees moved for summary judgment, alleging that the plaintiff had failed to name and retain his father within two years after the cause of action accrued. The circuit court agreed. This Court reversed, holding that the plaintiff did not need to name and retain his father as a party defendant because the plaintiff would have no cause of action against his father.

Defendants herein then filed a supplemental brief in support of their motion. Defendants noted that plaintiffs had relied on a case which was decided before the 1986 amendments to the dramshop act. Defendants also noted that licensees were entitled to all defenses of the minor under MCL 436.22(8); MSA 18.993(8), even though licensees had previously only been entitled to assert factual defenses. Hence, defendants argued they were entitled to claim that plaintiffs had no cause of action against them because plaintiffs had no cause of action against their son. Defendants further argued that plaintiffs and their son were not

entitled to recover pursuant to MCL 436.22(10); MSA 18.993(10), which provides:

> The alleged visibly intoxicated person shall not have a cause of action pursuant to this section nor shall any person have a cause of action pursuant to this section for the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the alleged visibly intoxicated person.

Plaintiffs responded that MCL 436.22(10); MSA 18.993(10) applied to "alleged visibly intoxicated" persons, not to minors. Plaintiffs reiterated that they should not have to name and retain their son's estate.

Following a hearing, the circuit court ruled in favor of defendants.

Plaintiffs first claim that the circuit court erred when it held that they could not sue defendants because of MCL 436.22(10); MSA 18.993(10). We agree for the reasons stated in *LaGuire v Kain,* 185 Mich App 239; 460 NW2d 598 (1990).

Plaintiffs also claim that the circuit court erred when it held that they had to name and retain their dead son's estate.

MCL 436.22(6); MSA 18.993(6) provides:

> An action under this section against a retail licensee shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.

Previously, MCL 436.22(5); MSA 18.993(5) provided in part:

> No action against a retailer or wholesaler, or

anyone covered by this act or a surety, shall be commenced unless the minor or the allegedly intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.

In *Scholten v Rhoades,* 67 Mich App 736; 242 NW2d 509 (1976), this Court had to decide whether a father's failure to name and retain his son as a defendant in a suit against an operator of a beer and wine store barred his cause of action. The son was a pedestrian who was injured by a motorcycle driven by Rodney Rhoades. The plaintiff father alleged that his minor son had purchased and consumed beer from a beer and wine store which caused him to misjudge the distance and direction of the motorcycle and impaired his ability to take evasive action to avoid the collision. The defendant, who owned the beer and wine store, made a motion for summary disposition on the basis that the plaintiff father had failed to name and retain his son as a defendant. The trial court denied the motion. This Court affirmed. This Court noted that dramshop actions could be classified in three groups:

(i) by a parent or child killed or injured *by a third party* as a result of intoxicants served to the third party by a defendant dramshop establishment; (ii) by a parent or child killed or injured *through the child's or parent's own misdoing* by reason of intoxicants served to them by a defendant dramshop establishment; (iii) by an intoxicated adult or minor for injuries sustained as a result of being served intoxicants by defendant dramshop establishment. [*Id.* at 740-741. Emphasis in original.]

This Court noted that the first situation was typical; however, recovery was nonetheless allowed in

the second situation. But now see MCL 436.22(10); MSA 18.993(10). This Court also noted that, while the name and retain provision had been interpreted in cases involving the first situation, it had not been interpreted in cases involving the second situation. Noting that the purpose of the name and retain provision was to eliminate the practice under which the intoxicated third party settled with the injured plaintiff for a token sum and thereafter joined forces with the plaintiff against the tavern owner, this Court held:

> This rationale [sic] policy reason is nonexistent in the Group II situation. A parent is legally responsible for the medical bills of his minor child and to secure a judgment for such sums against a child is meaningless. Furthermore, unlike Group I situations where plaintiff has a recognized cause of action against the third party intoxicant, a child has no cause of action against his father or father's estate for injuries or death of the father due to the father's voluntary intoxication. Nor does a parent have a cause of action against his minor child for expenses incurred by father on behalf of the child due to the child's voluntary intoxication. While it makes good sense to name and retain a party defendant where there is a cause of action against the defendant it makes no sense at all to do so where recovery is impossible because no cause of action exists. Additionally, we more than faintly suspect that were we to hold that the plaintiff father must name and retain the minor child as a party defendant the effect would be to confuse a jury and thus deny to the parent a right of recovery which existed prior to the amendment. . . . In short, we find that in situations where no cause of action otherwise exists by a parent against a child who is not a third party tortfeasor, the mandatory application of the name and retain amendment is awkward, strained and absurd.
>
> We are well aware of the rule that where a statutory provision is clear and unambiguous, it is

the court's duty to enforce the provision as written. . . . But a statute which is clear and unambiguous is nonetheless not to be given a construction which is absurd. . . . Where a construction of a statute would lead to an absurd result, it is presumed that some exception or qualification was intended by the Legislature. . . . [C]ertainly it is strained to name as a party defendant a person against whom no cause of action exists. [*Id.* at 743-745.]

Thus, this Court held that the name and retain amendment was mandatory where a cause of action existed against the minor or allegedly intoxicated person but was not mandatory where the plaintiff had no recognized right of recovery against the minor or intoxicated person.

The reasoning in *Scholten* was followed in *Dickerson v Heide,* 69 Mich App 303; 244 NW2d 459 (1976), and *Schultz v Murphy,* 99 Mich App 386; 297 NW2d 676 (1980).

In *Moran v McNew,* 134 Mich App 764; 351 NW2d 881 (1982), lv den 418 Mich 905 (1984), another panel of this Court reached the opposite conclusion. In *Moran,* the parents of a minor, who had purchased alcohol in a bar and was injured in an accident, sued the bar without naming their son as a defendant. Without discussing *Scholten,* this Court held:

> [T]he provision of MCL 436.22; MSA 18.993, mandating that "the minor or the alleged intoxicated person" be named as a defendant in the action, is mandatory and apparently without exception. *Putney v Haskins,* 414 Mich 181, 189-190; 324 NW2d 729 (1982). [*Moran, supra,* p 766.]

See also *Belcher v The Office, Inc,* 139 Mich App 385; 362 NW2d 291 (1984), lv den 422 Mich 948 (1985).

In *Putney v Haskins,* 414 Mich 181; 324 NW2d
729 (1982), reh den 414 Mich 1111 (1982), the
plaintiffs sued the allegedly intoxicated person and
the bars which served him liquor while he was
allegedly intoxicated. The plaintiffs settled with
the allegedly intoxicated person on the second day
of trial. Our Supreme Court held that the name
and retain provision required dismissal of the suit
against the bars, noting that the name and retain
provision prevents fraud and collusion by ensuring
that the allegedly intoxicated person will have a
direct financial stake in personally testifying, ex-
amining witnesses, and arguing that he did not act
in a negligent manner. Moreover, the Court noted
that once the liability of the allegedly intoxicated
person was fixed, he had no incentive to produce
witnesses or testimony tending to prove that he
was not "visibly intoxicated" on the date in ques-
tion, possibly making it more difficult for the
dramshop defendant to identify, locate and obtain
favorable testimony from the friends or acquain-
tances of the allegedly intoxicated person.

In *Newman, supra,* another panel of this Court
rejected *Moran* and held that *Scholten* was cor-
rectly decided. This Court noted that *Putney* did
not require a different result because it dealt with
the issue whether the plaintiffs could continue
their suit against the dramshop defendant after
settling with the allegedly intoxicated defendant
and did not hold that there was no exception to
the name and retain provision. This Court noted
that *Putney* had reaffirmed our Supreme Court's
holding in *Salas v Clements,* 399 Mich 103; 247
NW2d 889 (1976), which created an exception to
the name and retain provision, and had failed to
discuss *Scholten.* Hence, this Court concluded that

it is . . . a good and sensible law which permits an

injured person to maintain a dramshop action without naming and retaining as a party defendant a close family member against whom the plaintiff has no cause of action . . . . [*Newman, supra,* p 72.]

In *Salas,* the plaintiffs sued defendant under the dramshop act, but failed to name the allegedly intoxicated person because they claimed that they did not know his identity. The trial court granted the defendant's motion for summary judgment on the ground that the plaintiffs failed to comply with the name and retain provision. This Court affirmed; however, our Supreme Court reversed. The Court noted that the purpose of the name and retain statute was to eliminate the common practice of the intoxicated person entering into a settlement with the injured plaintiff for a token sum and, thereafter, energetically assisting the plaintiff with the prosecution of the suit against the tavern owner. The Court also noted that the name and retain provision discouraged possible collusion between and perjury by the allegedly intoxicated person and the injured plaintiff. While the Court agreed that the name and retain provision, if construed literally, would prevent the plaintiffs' cause of action, it held that such a construction would produce an unreasonable and unjust result. Hence, the Court held that the statute applied to those injured persons who did not name and retain the intoxicated person as a defendant when they knew the identity of the intoxicated person.

We note that *Newman* was followed by other panels of this Court in *Burke v Angies, Inc,* 143 Mich App 683; 373 NW2d 187 (1985), and *Luberski v North,* 148 Mich App 675; 384 NW2d 840 (1986), lv den 426 Mich 867 (1986). *Burke* was certified as being in conflict with *Moran,* but our Supreme

Court declined further consideration. 422 Mich 966 (1985).

Recently, in *Gardner v Stodgel,* 175 Mich App 241; 437 NW2d 276 (1989), this Court held that *Scholten* was distinguishable in a case where the minor had a cause of action against her mother, who was the allegedly intoxicated person. In so doing, this Court declined to comment of the propriety of the exception created in *Scholten* in light of the 1986 amendment to the dramshop act.

Plaintiffs in this case urge us to follow *Scholten,* noting that they cannot engage in collusion with their deceased son. Defendants, on the other hand, argue that, because the Legislature amended the dramshop act to provide that all defenses of the minor are available to the licensee rather than merely factual defenses which were previously available, the Legislature intended that there be no exception to the name and retain provision. MCL 436.22(8); MSA 18.993(8). Defendants further argue that, because plaintiffs have no cause of action against their son, defendants are entitled to this "defense" pursuant to MCL 436.22(8); MSA 18.993(8).

MCL 436.22(8); MSA 18.993(8) provides in part:

> All defenses of the alleged visibly intoxicated person or the minor shall be available to the licensee.

MCL 436.22(5); MSA 18.993(5) previously provided in part:

> [A]ll factual defenses open to the alleged intoxicated person or minor shall be open and available to the principal and surety.

We hold that MCL 436.22(8); MSA 18.993(8)

applies only when the name and retain provision is applicable. In light of our holding that the dramshop act created a statutory cause of action against a licensee in favor of plaintiffs, we hold that such a cause of action should not be barred because plaintiffs had no common law cause of action against their son. If the Legislature had intended to bar plaintiffs' cause of action, it could have done so explicitly as it did with those who claim a cause of action through an allegedly intoxicated person. MCL 436.22(10); MSA 18.993(10). As noted above, the name and retain provision remained substantially the same under the 1986 amendment. We agree with *Scholten*'s interpretation of that provision and do not believe that that interpretation was incorrect as a result of either *Putney* or the 1986 amendment entitling a licensee to assert all defenses.

Reversed and remanded for further proceedings.