WARANICA v CHEERS GOOD TIME SALOONS, INC

Docket No. 118556. Submitted June 7, 1990, at Grand Rapids. Decided December 5, 1990, at 9:06 A.M. Leave to appeal sought.

Deborah Waranica, a minor, died when she drove her automobile on the wrong side of a highway and collided with another automobile after leaving the Cheers Good Time Saloon. The decedent's surviving parents and siblings, Thomas Waranica and others, brought a dramshop action in the Kent Circuit Court against the proprietor of the saloon, alleging that the saloon had unlawfully furnished her liquor. The defendant moved for summary disposition, arguing that the plaintiffs had failed to state a claim upon which relief could be granted because the dramshop act does not provide a cause of action to the family of a minor alleged to have been unlawfully furnished liquor, the plaintiffs failed to name and retain the decedent's estate as a defendant, and the decedent's parents' inability to sue the decedent's estate for damages resulting from the decedent's voluntary intoxication is a defense to the action. The trial court, Roman J. Snow, J., denied the motion. The plaintiffs appealed.

The Court of Appeals *held:*

1. The dramshop act permits the family of a minor to whom intoxicating liquor was unlawfully sold, given, or furnished by a dramshop to maintain an action for damages against the dramshop, even though the minor has no such right.

2. It is not necessary to name and retain a minor in a dramshop action where the plaintiffs are close family members of the minor.

3. The inability of the parents of a minor to bring an action under the dramshop act against the minor for damages resulting from the minor's intoxication is not a defense which may be raised by a dramshop owner to a claim by family members under the act.

Affirmed.

*Verspoor, Walkes & Lalley, P.C.* (by *Daniel J. Slotsema*), for the plaintiffs.

*Frank S. Spies,* for the defendant.

Before: MAHER, P.J., and SULLIVAN and REILLY, JJ.

REILLY, J. Defendant appeals by leave granted from the June 6, 1989, circuit court order denying defendant's motion for summary disposition for failure to state a claim in this dramshop action. MCR 2.116(C)(8). We affirm.

Plaintiffs commenced this case on October 28, 1988, alleging that on April 10, 1987, defendant unlawfully sold, gave, or furnished alcohol to plaintiffs' minor daughter and sibling, Deborah Waranica. About three hours after leaving defendant's place of business, Waranica was killed when she drove her car on the wrong side of a state highway and collided head-on with another car, allegedly as a result of her intoxication. Plaintiffs sought damages for their loss of financial support, services, parental training, love, society, companionship, grief, shock, and mental anguish.

Defendant moved for summary disposition on the basis that the parents or siblings of a minor who was illegally served alcohol may not maintain an action under the dramshop act, MCL 436.22 *et seq.*; MSA 18.993 *et seq.* The trial court disagreed and denied defendant's motion for summary disposition.

I

Defendant first contends that the circuit court erred in denying defendant's motion for summary disposition because MCL 436.22(10); MSA 18.933(10), as amended by 1986 PA 176, bars a minor's parents or siblings from bringing any

claims in their own names against the dramshop.
We disagree.

For more than one hundred years now

> a wife, husband, child, parent, guardian, or other
> person injured in person, property, means of sup-
> port, or otherwise, by a visibly intoxicated person
> by reason of the unlawful selling, giving or fur-
> nishing of intoxicating liquor to the person, if the
> sale is proven to be a proximate cause of the
> injury or death, shall have a right of action in his
> or her name against the person who by selling,
> giving, or furnishing the liquor has caused or
> contributed to the intoxication of the person or
> who has caused or contributed to the injury. [MCL
> 436.22(5); MSA 18.993(5) prior to amendment by
> 1986 PA 176.][1]

That provision has always been interpreted by our
courts to mean that the intoxicated person and
those who contributed to the intoxication have no
cause of action under the dramshop act. *Jackson v
PKM Corp,* 430 Mich 262, 267-268; 422 NW2d 657
(1988); *Craig v Larson,* 432 Mich 346, 357; 439
NW2d 899 (1989). This interpretation has been
referred to as the "noninnocent party" doctrine.
*Id.*

Prior to the 1986 amendments our appellate
courts have also repeatedly ruled that the families
of a minor or alleged visibly intoxicated person
could sue under the dramshop act for loss of
support, society, and companionship. *O'Dowd v
General Motors Corp,* 419 Mich 597; 358 NW2d
553 (1984); *Scholten v Rhoades,* 67 Mich App 736;
242 NW2d 509 (1976); *Newman v Hoholik,* 138
Mich App 66; 359 NW2d 253 (1984); *Luberski v
North,* 148 Mich App 675; 384 NW2d 840 (1986), lv
den 426 Mich 867 (1986). Even an illegitimate

---

[1] This language is basically the same as 1887 PA 313, § 20, which
was discussed in *Eddy v Courtright,* 91 Mich 264; 51 NW 887 (1892).

child of a minor who was sold intoxicants and injured was able to sue under the dramshop act for loss of support from the minor parent. *LaBlue v Specker,* 358 Mich 558; 100 NW2d 445 (1960).

The dramshop act has been amended several times in recent years beginning in 1958. The recent legislative history of the dramshop act reflects repeated efforts by the Legislature to narrow the liability of dramshop owners. The amendments of 1958, 1961, 1972, and 1986 have consistently limited, not expanded, dramshop liability.[2] *Craig, supra.*

In 1986, subsection (5) of § 22, which provided for a dramshop cause of action, was reenacted under subsection (4) using slightly different wording. The new language gave a right of action to an "individual who suffers damage or is personally injured . . . by a minor or visibly intoxicated person." The "spouse, child parent or guardian of that individual" also has a personal right of action against the person who by selling, giving, or furnishing the alcoholic liquor caused or contributed to the intoxication of the person or who caused or contributed to the damage, injury, or death.[3] In addition, subsection (10) was added to provide:

> The alleged visibly intoxicated person shall not

---

[2] 1958 PA 152, 1961 PA 224, 1972 PA 196, and 1986 PA 176.

[3] The new subsection (4) provides in part:

Except as otherwise provided in this section, an individual who suffers damage or is personally injured by a minor or visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of alcoholic liquor to the minor or visibly intoxicated person, if the unlawful sale is proven to be a proximate cause of the damage, injury, or death, or the spouse, child, parent, or guardian of that individual, shall have a right of action in his or her name against the person who by selling, giving, or furnishing the alcoholic liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the damage, injury, or death. [MCL 436.22(4); MSA 18.993(4).]

have a cause of action pursuant to this section nor shall any person have a cause of action pursuant to this section for the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the alleged visibly intoxicated person.

In *LaGuire v Kain,* 185 Mich App 239; 460 NW2d 598 (1990), another panel of this Court reviewed subsection (10), as added by 1986 PA 176, and held that, by failing to include minors and minors' families in that provision, the Legislature necessarily intended to allow minors and their families to sue under the dramshop act. To do otherwise, according to the *LaGuire* panel, would render subsection (10) mere surplusage.[4] While we agree that the families of the minor are still permitted to sue under the 1986 amendment, we cannot agree with the rationale of the *LaGuire* panel in reaching that conclusion. Nor do we agree that the Legislature intended to allow minors to sue under the 1986 amendment.

Presumably, the Legislature does not make changes without purpose. However, if we adopt the reasoning of the *LaGuire* panel, we ignore the historical interpretation of another subsection of the act which created the dramshop right of action, and render subsection (6), the "name and retain" provision, surplusage.[5] It is our opinion that subsection (10) can be given recognition ac-

---

[4] The *LaGuire* rationale has been adopted by another panel of this Court, which affirmed the right of the minor's family members to sue for damages under the dramshop act. *Davis v Ptak,* 185 Mich App 793; 463 NW2d 193 (1990).

[5] Subsection (6) provides:

An action under this section against a retail licensee shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement. [MCL 436.22(6); MSA 18.993(6).]

cording to its due, without ignoring other sections of the act.

As indicated above, prior to the 1986 amendment, the case law interpreting the antecedents of subsection (4) was clear that the imbiber was not permitted to, sue, but the family might. It may be argued that a fair reading of the new subsection (4), independent of subsection (10), would allow an interpretation that an individual who harms himself may sue in his own behalf. However, such a construction would be inconsistent with the cases referred to above which interpreted the antecedents to subsection (4). When the basic provisions of a statute have been construed by the courts and these provisions are subsequently reenacted, it may be assumed that the Legislature acted with knowledge of the judicial construction and that it intended the reenacted statute to carry that construction with it. *Smith v Detroit,* 388 Mich 637, 650-651; 202 NW2d 300 (1972).

We believe the better view is to construe subsection (4) in the light that it has always been interpreted. That is, "[e]xcept as otherwise provided in this section," the imbiber may not recover but the family is permitted to do so. Subsection (10) provides the exception. Subsection (10) now makes it clear that the imbiber who is a visibly intoxicated person and his family are excluded from the category of persons given the right to sue under subsection (4). There is no provision in the act which would lead us to believe that the Legislature intended that the imbiber who is a minor would now be given the right to sue. The dramshop right to sue did not exist at common law, and the courts have consistently held that the imbiber and other persons who contributed to the intoxication have not been given that right under the dramshop act. *Craig, supra.* We cannot agree with *LaGuire* that

the omission of the word "minor" from subsection (10) created a right which never before existed. If we were to adopt such a rationale, we would also have to conclude that any noninnocent party who contributed to the intoxication would also now be permitted to sue because of the lack of reference to a noninnocent party in subsection (10). We therefore conclude that the family of the intoxicated minor continues to have a dramshop right of action under subsection (4) of the 1986 amendment, even though the intoxicated minor is denied such a right.

II

Defendant also contends that the circuit court erred in denying defendant's motion for summary disposition because plaintiffs did not name and retain the estate of their minor child and sibling as a defendant. Defendant, relying primarily on our Supreme Court's holding in *Putney v Haskins,* 414 Mich 181; 324 NW2d 729 (1982), reh den 414 Mich 1111 (1982), contends that the name and retain provision as set forth in MCL 436.22(6); MSA 18.993(6) (formerly MCL 436.22[5]; MSA 18.993[5]) is to be applied without exception. We disagree.

In *Putney,* the dispositive issue on appeal was "whether the plaintiffs were properly allowed to continue their suit against the defendant 'dramshop' after settling with the allegedly intoxicated defendant." *Putney, supra* at 183-184. Although the Supreme Court held that the legislative mandate of the name and retain provision must be strictly enforced as written, the Court also affirmed the "continuing viability of *Salas v Clements,* [399 Mich 103, 109; 247 NW2d 889 (1976)] both in terms of the specific exception recognized

in *Salas* and the underlying rationale that the 'name and retain' provision should not be construed to produce an 'unreasonable, unjust result' in light of the purpose of the provision." *Newman, supra* at 72, quoting *Putney.*

Given that the purpose of the name and retain provision is to prevent collusion between the intoxicated person and the plaintiff, we agree with the other panels of this Court which have held that a second exception exists where, as here, it would be futile to require the plaintiffs to name and retain a defendant against whom the plaintiffs have no cause of action and where the intent of the statute, to prevent collusion, would not be furthered. *Scholten, supra* ("in situations where no cause of action otherwise exists by a parent against a child who is not a third party tort-feasor, the mandatory application of the name and retain amendment is awkward, strained and absurd"); *Dickerson v Heide,* 69 Mich App 303; 244 NW2d 459 (1976) (the name and retain provision should not be used to deny relief to plaintiffs who have no cause of action against the alleged intoxicated person); *Newman, supra* (following *Putney, Scholten* is still "good law"); *Burke v Angies, Inc,* 143 Mich App 683; 373 NW2d 187 (1985) (where the alleged intoxicated person was deceased and the plaintiffs were close family members with no cause of action against the alleged intoxicated person, an exception to the name and retain provision exists).

The name and retain provision, which was originally added in 1972, suggests that the Legislature did not envision the minor or the alleged intoxicated person as a plaintiff in an action under the section, but instead sought to insure the imbiber's presence as a defendant. *Craig, supra* at 359, n 18. An imbiber obviously should not be permitted to be plaintiff and defendant in the same action. An

exception to the name and retain requirement has been carefully carved by our appellate courts when the intoxicated person is a minor child of the plaintiff or is a close family member. Although the parent of an intoxicated minor could sue the dramshop owner, the parent never had a right of action against the minor child for damages resulting from the injury which was caused by the intoxication, unless the cause of action arose from a separate tort inflicted by the minor on the parent which was independent of the rights given under the dramshop act. Therefore, our courts have ruled that it was not necessary that the minor be named and retained in an action where the plaintiffs are close family members of the minor. *Scholten, Luberski,* and *Newman, supra.*[6]

The 1986 amendment reincorporated the 1972 name and retain provision. The Legislature, presumably, knew that the courts had repeatedly indicated that the families of the intoxicated minor need not name and retain the minor when the right of action was based upon the dramshop action only. Because there has been no change in that subsection, we believe that the Legislature accepted and recognized the decisions which held that the minor need not be named and retained when the suit is brought by a close family member under the dramshop act. *Smith, supra.*

III

The last issue we have to consider is whether the 1986 change in the language under subsection (8) should permit the defendant to raise as a defense the minor's common-law defense against

---

[6] See contra *Moran v McNew,* 134 Mich App 764; 351 NW2d 881 (1982), lv den 418 Mich 906 (1984); *Belcher v The Office, Inc,* 139 Mich App 385; 362 NW2d 291 (1984), lv den 422 Mich 948 (1985).

an action by the parent against the minor for damages resulting from the minor's voluntary intoxication. The defendant argues that because the 1972 amendment referring to "factual defenses" has been changed in 1986 to refer only to "defenses," defendant should be able to raise any defense, legal or factual, which could have been raised by the minor.[7]

We cannot accept the defendant's theory. Prior to the 1986 amendment of the dramshop act, the provision giving rise to the right of action for injuries caused by sales to intoxicated persons provided basically that "a wife, husband, child, parent, guardian or other persons . . . shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person . . . or who shall have caused or contributed to any such injury . . . ." That statute gave the parent a personal action, and the action was not a derivative suit. *Matson v State Farm Mutual Automobile Ins Co,* 65 Mich App 713; 238 NW2d 380 (1975).

Where a construction of a statute would lead to a manifest contradiction of the apparent purpose of the enactment, it is presumed that some exception or qualification was intended by the Legislature. *Attorney General v Detroit United Ry,* 210 Mich 227, 257; 177 NW 726 (1920). If we were to now rule that the defendant could raise as a defense the parent's lack of a cause of action against the minor child for expenses incurred by

---

[7] MCL 436.22(8); MSA 18.993(8) provides in part:

All defenses of the alleged visibly intoxicated person or the minor shall be available to the licensee.

MCL 436.22(5); MSA 18.993(5) previously provided in part:

[A]ll factual defenses open to the alleged intoxicated person or minor shall be open and available to the principal and surety.

the parent on behalf of the child because of the child's voluntary intoxication, we would effectively wipe out the right given to the parent under the dramshop act. Such a result would be absurd. If the Legislature had intended to deny the minor's family a dramshop cause of action, it could have easily done so in subsection (10). It did not. To now decide that the Legislature intended to deprive the minor's family of a dramshop cause of action because of the deletion of the word "factual" in subsection (8) would be inconsistent with the historical purpose of the act. We decline to do so.

Therefore, we conclude that even though the minor does not have a cause of action under the 1986 amendment, his family does. It is not necessary to name and retain the minor as a defendant when the plaintiffs are close family members of the minor. Lastly, the inability of the parents to sue the minor for damages resulting from the minor's intoxication is not a defense which may raised by the dramshop owner to a claim by the family members under the dramshop act.

Affirmed.