KUIKSTRA v CHEERS GOOD TIME SALOONS, INC

Docket No. 119730. Submitted October 10, 1990, at Grand Rapids.
Decided March 18, 1991, at 9:10 A.M. Leave to appeal sought.

David L. Kuikstra, Sr., as personal representative of the Estate of
Ronald Kuikstra, deceased, and several other family members
brought a dramshop action in the Kent Circuit Court against
Cheers Good Time Saloons, Inc., and Melissa Ann Beuschel,
alleging that Cheers had served the nineteen-year-old decedent
alcohol, and that that was a proximate cause of an automobile
accident involving a vehicle driven by Beuschel which resulted
in the decedent's death. Cheers was served with a summons
and complaint, but did not file an appearance or a responsive
pleading. The court, Robert A. Benson, J., entered a default
against Cheers. Cheers then filed an appearance and moved to
set aside the default, alleging in affidavits that its failure to
answer was the fault of the postal service in failing to deliver
the summons and complaint forwarded by it to its counsel, and
that persons present at Cheers on the night of the incident
stated in interviews that the decedent had not been served
alcoholic beverages. The court denied Cheers' motion, finding a
lack of excusable neglect, and also determined that plaintiffs
did not state a cause of action under the dramshop act and
dismissed their complaint. Plaintiffs appealed and Cheers cross
appealed.

The Court of Appeals *held:*

1. The court erred in applying the "excusable neglect" stan-
dard in ruling on Cheers' motion to set aside the default. A
motion to set aside a default, except when grounded on lack of
jurisdiction over the defendant, is to be granted only if good
cause is shown and an affidavit of facts showing a meritorious
defense is filed. Good cause to set aside a default requires a
lesser showing than the excusable neglect standard applied by

REFERENCES

Am Jur 2d, Courts § 190; Intoxicating Liquors §§ 580, 588, 591;
Judgments §§ 686, 739, 740, 757.
Liability of liquor furnisher under civil damage or dramshop act for
injury or death of intoxicated person from wrongful act of third
person. 65 ALR2d 923.

the court. Good cause to set aside the default was shown, and Cheers presented a meritorious defense.

2. The court erred in granting Cheers' motion for summary disposition and dismissing plaintiffs' claims. Neither a dramshop action by an illegally served minor nor a derivative action by the minor's parents is barred under the dramshop act.

3. The decision in *Waranica v Cheers Good Time Saloons, Inc*, 186 Mich App 398 (1990), involving a dramshop action brought by the parents and siblings of a deceased intoxicated minor and not by the deceased's estate, in which it was held that the plaintiffs could maintain a derivative action against the dramshop defendant but that the minor could not, is not binding precedent regarding the issue whether the intoxicated minor may bring an action under the dramshop act because its conclusion in regard to this issue was obiter dictum and without precedential value. Thus, *Waranica* did not establish a rule of law for purposes of Administrative Order No. 1990-6 with respect to the question whether an intoxicated minor can maintain an action under the dramshop act, and need not be followed.

Reversed and remanded.

MacKENZIE, P.J., concurring in part and dissenting in part, stated that the estate's dramshop claim is barred because the holding of *Waranica* established a rule of law, binding pursuant to Administrative Order No. 1990-6.

1. JUDGMENTS — DEFAULTS — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENT.

A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, must be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed; good cause for setting aside a default or a default judgment includes: a substantial defect or irregularity in the proceedings upon which the default was based, a reasonable excuse for failure to comply with the requirement which created the default, or some other reason showing that manifest injustice would result from permitting the default to stand (MCR 2.603[D][1]).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — MINORS — DERIVATIVE ACTIONS.

A minor illegally served intoxicating liquor by a dramshop or the minor's parents and siblings may maintain an action against the dramshop for injuries subsequently suffered in an accident (MCL 436.22; MSA 18.993).

3. COURTS — PRECEDENT — OBITER DICTUM.
   The rule that a panel of the Court of Appeals, in deciding actions on appeal, must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, does not require that an obiter dictum of a previous panel be followed (Administrative Order No. 1990-6).

*Napieralski & Walsh, P.C.* (by *Peter P. Walsh*), for the plaintiffs.

*Gruel, Mills, Nims & Pylman* (by *Brion J. Brooks* and *Scott R. Melton*), for Cheers Good Time Saloons, Inc.

Before: MACKENZIE, P.J., and SAWYER and R. B. BURNS,* JJ.

R. B. BURNS, J. Plaintiffs appeal, and defendant Cheers Good Time Saloons, Inc., cross appeals, a circuit court order which both denied Cheers' motion to set aside a default taken by plaintiffs and dismissed plaintiffs' complaint. At the hearing on Cheers' motion to set aside the default, the circuit court found that Cheers had not shown "excusable neglect" in failing to respond to plaintiffs' summons and complaint within the time provided by the court rules. However, the court also determined that plaintiffs did not state a cause of action under the dramshop act, and dismissed their complaint with prejudice in accordance with Cheers' oral motion. We reverse.

This case arises out of a December 21, 1986, automobile accident, in which nineteen-year-old Ronald L. Kuikstra was allegedly struck and killed by defendant Melissa Ann Beuschel after Ronald had parked and gotten out of his disabled vehicle in a left-turn lane. Plaintiffs allege that Cheers

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

had served Ronald alcohol, which was a proximate cause of the accident and a violation of the dramshop act.

Plaintiffs, Ronald Kuikstra's estate and various members of his family, filed a summons and complaint in this matter which was served on Cheers on December 28, 1988. Over the next several months, discovery proceeded between plaintiffs and defendant Bueschel, but Cheers did not file an appearance or a responsive pleading. On March 23, 1989, Cheers was served with notice of a pretrial conference scheduled for April 24, 1989. On May 25, 1989, plaintiffs entered a default against Cheers.

On June 20, 1989, Cheers' counsel filed an appearance and moved to set aside the default. At the June 30, 1989, hearing on the motion, the court denied Cheers' motion to set aside the default for lack of excusable neglect. However, the court also dismissed plaintiffs' complaint because it found no cause of action available under the dramshop act for a minor who was served alcohol, or for his family.

We first address Cheers' cross appeal regarding the denial of its motion to set aside the default. MCR 2.603(D)(1) provides:

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

"Good cause" to set aside a default requires a lesser showing than the "excusable neglect" standard the circuit court appeared to use. See *Komejan v Suburban Softball, Inc,* 179 Mich App 41, 50; 445 NW2d 186 (1989). The "good cause" require-

ment may be satisfied by showing: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirement which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand. *Id.,* p 49.

Here, Cheers' affidavits and supporting documents established that Cheers had mailed the summons and complaint to its counsel on the day it was served, but that its counsel had no memory or record of receiving the documents. Thus, Cheers alleges that its failure to answer was the fault of the postal service. While the neglect of an attorney is not good cause and may be imputed to a party against whom default is entered, *Yenglin v Mazur,* 121 Mich App 218, 222; 328 NW2d 624 (1982), here the alleged neglect is the postal service's failure to deliver the mailed documents. On the basis of the facts in the affidavits, we find that good cause was presented. Further, Cheers presented a meritorious defense in that it claimed that persons who were present at Cheers' Christmas party that night stated in interviews that Ronald was not served alcoholic beverages. See *Reed v Walsh,* 170 Mich App 61; 427 NW2d 588 (1988). Therefore, we find that the circuit court abused its discretion in denying Cheers' motion to set aside the default.

Next, we consider whether the circuit court erred in granting summary disposition for Cheers on plaintiffs' claims. Recently, in *LaGuire v Kain,* 185 Mich App 239; 460 NW2d 598 (1990), this Court discussed the dramshop act, MCL 436.22; MSA 18.993, as it exists after its 1986 amendment, and the question whether an illegally served minor and his parents could maintain an action under the act. After a lengthy analysis, the *La-*

*Guire* Court concluded that neither a dramshop action by an illegally served minor nor a derivative action by the minor's parents was barred by the statute. We agree and follow the reasoning of the *LaGuire* Court. Therefore, the circuit court erred in granting Cheers summary disposition and dismissing plaintiffs' claims.

Before we conclude, however, it is necessary to consider the recent opinion of *Waranica v Cheers Good Time Saloons, Inc,* 186 Mich App 398; 464 NW2d 902 (1990), and the effect of Administrative Order No. 1990-6, 436 Mich xxxi; Mich Ct R, p A 1-47. In *Waranica,* the plaintiffs, the parents and siblings of the deceased intoxicated minor, brought suit under the dramshop act. This Court held that the plaintiffs could maintain an action against the dramshop defendant. *Id.,* p 404. In reaching that conclusion, however, the Court criticized the opinion in *LaGuire* and concluded contra that the minor himself does not have a cause of action under the dramshop act. *Waranica, supra,* pp 403-404.

Administrative Order No. 1990-6 requires that we "follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990." 436 Mich xxxi. At first blush, it would seem that, under the administrative order, we would have to follow the *Waranica* decision in the case at bar. However, this is true only if the *Waranica* decision established a "rule of law" with respect to the question whether an intoxicated minor can maintain an action under the dramshop act. This it did not do.

As noted above, *Waranica* involved a suit brought by the parents and siblings of the intoxicated minor. The estate of the minor was not a party. Thus, the *Waranica* Court was only faced with the question whether a derivative action by

family members of the intoxicated person could be maintained under the dramshop act. The question whether the minor himself could maintain a dramshop suit was *not* before the Court for decision. Accordingly, the conclusion by the Court that the minor could not maintain an action is mere dicta.

As the Supreme Court explained in *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 597-598; 374 NW2d 905 (1985), "statements concerning a principle of law not essential to determination of the case are obiter dictum and lack the force of an adjudication." See also *Manley v DAIIE,* 425 Mich 140, 152-153; 388 NW2d 216 (1986) (opinion of Court of Appeals on questions not presented by the parties lacks precedential force). Accordingly, because the issue whether an intoxicated minor can maintain a dramshop action was not before the *Waranica* Court for decision, its conclusion in regard to this issue was obiter dictum and without precedential value. Moreover, we see nothing in Administrative Order No. 1990-6 which suggests that we are obligated to follow an earlier panel's dicta. Rather, we are merely obligated under the administrative order to follow a rule of law established by a prior panel. Since an obiter dictum does not establish a rule of law, we are not obligated to follow it.

For the above reasons, the *Waranica* Court's decision is not binding precedent under Administrative Order No. 1990-6 on the issue whether an intoxicated minor can maintain an action under the dramshop act, and we are free to follow *La-Guire, supra,* on this point. As discussed above, we believe *LaGuire* represents the better-reasoned view of this issue, and we choose to follow it.

The above discussion precludes the need to address any other issues raised.

Reversed and remanded for trial. No costs, nei-

ther side having prevailed in full. We do not retain jurisdiction.

Sawyer, J., concurred.

MacKenzie, P.J. *(concurring in part and dissenting in part).* I would affirm in part and reverse in part.

I agree with the majority that the trial court erred in denying Cheers' motion to set aside the default. Further, for the reasons stated in *Waranica v Cheers Good Time Saloons, Inc,* 186 Mich App 398; 464 NW2d 902 (1990), I am also of the opinion that the trial court erred in holding that Kuikstra's family members failed to state a cause of action under the dramshop act. Unlike the majority, however, I believe that, consistent with *Waranica,* the trial court correctly ruled that Kuikstra's estate failed to state a cause of action.

In concluding that Kuikstra's estate's dramshop claim is not barred, the majority dismisses this Court's opinion in *Waranica* as nonbinding precedent under Administrative Order No. 1990-6. I disagree.

I cannot conclude, as the majority does, that the *Waranica* panel's twice-stated holding—that "the family of the intoxicated minor continues to have a dramshop right of action under subsection (4) of the 1986 amendment, even though the intoxicated minor is denied such a right," *id.,* p 404, and "even though the minor does not have a cause of action under the 1986 amendment, his family does," *id.,* p 408—does not constitute a "rule of law" that an intoxicated minor does not have a cause of action under the amended dramshop act.

The controlling issue in both *Waranica* and *LaGuire v Kain,* 185 Mich App 239; 460 NW2d 598

(1990), the pre-Administrative Order No. 1990-6 case upon which the majority relies, was whether subsection (4) or subsection (10) of MCL 436.22; MSA 18.993 governs the determination of who is precluded from maintaining an action against a dramshop. Compare *Waranica,* p 403, with *La-Guire,* p 245. *Waranica* established that subsection (4) controls, and not subsection (10), as the *La-Guire* panel decided. This is no more "dicta" than the *LaGuire* holding which the majority prefers to follow.

While the majority may not agree with *Waranica,* in my view it is binding on this panel under Administrative Order No. 1990-6. Thus, to the extent that the majority opinion has chosen to rely on *LaGuire* and to subvert the conflict resolution procedure set forth in Administrative Order No. 1990-6, I dissent.