*In re* CHIVERTON

(CHIVERTON v OSOSKI)

(CHIVERTON v GRISWOLD)

Docket Nos. 123381, 125912. Submitted February 12, 1991, at Grand
    Rapids. Decided April 1, 1991, at 9:40 A.M. Leave to appeal
    sought.

Nicholas Chiverton, II, a minor, was fatally injured in an automo-
    bile accident after having been served alcoholic beverages as a
    guest in the home of Terry Griswold and Susan Bondie and as
    a patron of the Creek Saloon, a bar operated by Edward Ososki,
    doing business as Winters Creek Golf Course. Nicholas and
    Elaina Chiverton, parents of the deceased, along with the
    deceased's siblings, brought a dramshop action in the Montcalm
    Circuit Court, naming the estate of Nicholas Chiverton, II, and
    Edward Ososki as defendants. The plaintiffs brought a separate
    action against Terry Griswold and Susan Bondie as social hosts.
    The trial court, Charles W. Simon, Jr., J., granted Ososki's
    motion for summary disposition, holding that the 1986 amend-
    ment of the dramshop act precluded recovery against a dram-
    shop owner by the members of the family of a minor who had
    been sold intoxicating liquors. The court also granted Gris-
    wold's motion for summary disposition, holding that it would be
    illogical to continue the liability of a social host who provides
    intoxicating liquors to a minor under circumstances where the
    1986 amendment of the dramshop act relieved a dramshop
    owner of liability. The plaintiffs appealed, and the appeals were
    consolidated.

The Court of Appeals *held:*

1. The trial court erred in granting summary disposition for
    Ososki. The 1986 amendment of the dramshop act does not
    preclude members of the family of an illegally served minor
    from bringing an action under the dramshop act against a
    dramshop owner who served the minor.

2. The trial court also erred in granting summary disposition

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 561 *et seq.*

See the Index to Annotations under Dramshop Acts.

for Griswold. The 1986 amendment of the dramshop act does not preclude members of the family of an illegally served minor from bringing an action for damages against a social host who served the minor. Social host liability arises out of violation of the general provisions of the Liquor Control Act rather than the dramshop act.

Reversed and remanded.

INTOXICATING LIQUORS — MINORS — SOCIAL HOSTS — DRAMSHOP ACT.
The civil cause of action for injuries or death caused by the furnishing of alcoholic beverages to a minor by a social host was not abrogated by the 1986 amendment of the dramshop act (1986 PA 176; MCL 436.33; MSA 18.1004).

*Denfield, Timmer & Taylor* (by *Kathleen A. Lopilato*), for the plaintiffs.

*Frank S. Spies,* for Edward Ososki.

*Smith, Haughey, Rice & Roegge* (by *Susan J. Bradley*), for Terry Griswold.

Before: CAVANAGH, P.J., and MAHER and FITZGERALD, JJ.

FITZGERALD, J. Plaintiffs appeal as of right in this consolidated appeal which involves two statutory sections of the Liquor Control Act, MCL 436.1 *et seq.*; MSA 18.971 *et seq.* In Docket No. 123381, plaintiffs appeal from a November 20, 1989, amended judgment dismissing plaintiffs' claims regarding defendant Ososki, doing business as Winters Creek Golf Course, for failure to state a claim under the dramshop act, MCL 436.22; MSA 18.993. MCR 2.116(C)(8). In Docket No. 125912, plaintiffs appeal from a January 29, 1990, circuit court order granting defendant Griswold's motion for partial summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.604 for failure to state a claim under MCL 436.33; MSA 18.1004. We reverse in both cases.

The facts underlying each of the consolidated cases arise from the same events. The following facts are derived from the pleadings alone. MCR 2.116(C)(8). On June 11, 1987, eighteen-year-old Nicholas Chiverton, II, drove to the home of defendants Susan Bondie and Terry Griswold for dinner. At 9:30 P.M., Griswold drove with Chiverton to the Creek Saloon, operated by Ososki in Big Rapids, where they purchased and continued to consume alcoholic beverages until 1:30 A.M. Griswold and Chiverton then proceeded to a party store, where Griswold purchased additional alcohol. The two then returned to Griswold's home, where Griswold continued to furnish Chiverton with alcoholic beverages.

Chiverton departed for home at 4:00 A.M. on June 12, 1987. His vehicle crossed the center line of a highway and struck the rear of a flat bed truck, causing his death at approximately 7:00 A.M.

### DRAMSHOP ACT

The first issue presented for our consideration is whether the circuit court erred in granting summary disposition to defendant Ososki on plaintiffs' claims. The circuit court held that because the dramshop act, MCL 436.22; MSA 18.993, as amended, did not provide a cause of action for a minor, the defenses of the minor precluded a cause of action by family members.

In *LaGuire v Kain,* 185 Mich App 239, 247-248; 460 NW2d 598 (1990), this Court was presented with the question whether the parents of an illegally served minor could maintain an action under the dramshop act as it exists after the 1986 amendment. After a lengthy analysis, the *LaGuire* Court concluded that a dramshop action by the

parents of an illegally served minor was not barred by the statute. We agree and follow the reasoning of the *LaGuire* Court. See also *Davis v Ptak,* 185 Mich App 793; 463 NW2d 193 (1990); *Waranica v Cheers Good Time Saloons, Inc,* 186 Mich App 398; 464 NW2d 902 (1990) (the families of the minor are still permitted to sue under the 1986 amendment). Plaintiffs' complaint alleged a proper cause of action, and the trial court erred in granting summary disposition pursuant to MCR 2.116(C)(8).

### SOCIAL HOST LIABILITY

Next, plaintiffs argue that the trial court erred in granting summary disposition to defendant Griswold. On the basis of its conclusion that a minor's parents did not have a cause of action against a liquor licensee under § 22, the trial court held that a minor's parents could not logically have a cause of action against a social host under § 33. The trial court's holding was based upon a faulty premise because this Court has concluded that a minor's family continues to have a cause of action under the dramshop act, § 22 (see the discussion of the proceeding issue).

We find error in the trial court's application of the amendments of the dramshop act to the statute providing for social host liability. Sections 22 and 33, MCL 436.22, 436.33; MSA 18.993, 18.1004, are separate and distinct statutes under the Liquor Control Act. Section 22 has been interpreted to provide an exclusive remedy on behalf of designated third parties against licensees. The cause of action is not based on negligence principles. *Longstreth v Gensel,* 423 Mich 675, 696; 377 NW2d 804 (1985). On the other hand, § 33 is a penal statute

concerned only with minors, the violation of which is prima facie evidence of negligence. Although both statutes are contained within the Liquor Control Act, they differ in intent and effect and need not be read in pari materia. *Feld v Robert & Charles Beauty Salon,* 435 Mich 352, 360; 459 NW2d 279 (1990).

We conclude that the rule of law announced in *Longstreth* is dispositive of this issue. In *Longstreth,* a case decided before the 1986 amendment of § 22, and under the current version of § 33, the Court extended liability for selling or furnishing alcoholic beverages beyond the scope of the dramshop act and held that a social host could be liable for furnishing alcohol to a minor. Violation of the statute is prima facie evidence of negligence, thus establishing a cause of action on the part of the injured. 423 Mich 692. Therefore, plaintiffs alleged a proper cause of action under § 33, and the trial court erred in granting defendant Griswold's motion for summary disposition for failure to state a claim.

Reversed.